```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEVEN FINKELSTEIN,

                    Petitioner,

        -against-
                                        MEMORANDUM AND ORDER
                                        05-CV-2461 (JS)(WDW)
ELIOT SPITZER, Attorney General
of the State of New York,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Steven Finkelstein, Pro Se
                    379 Yale Avenue
                    Woodmere, New York 11598

For Defendant:      Robin A. Forshaw, Esq.
                    New York State Attorney General's Office
                    120 Broadway
                    New York, New York 10271
```

SEYBERT, District Judge:

Pro Se Petitioner Steven Finkelstein has filed the instant Petition seeking a writ of error coram nobis pursuant to 28 U.S.C. §§ 1651, 2241, and 2255. For the reasons set forth herein, Petitioner's application for a writ of error coram nobis is DENIED.

## BACKGROUND

Procedural History

On March 7, 2003, following a jury trial presided over by Judge Jerald Carter of the County Court for the County of Nassau, Petitioner was convicted of one count of Grand Larceny in

the Second Degree and eight counts of Offering a False Instrument for Filing in the First Degree. Petitioner was sentenced to an aggregate term of from one and one-third to four years in prison and was ordered to pay restitution in the amount of $115,410.90. The maximum expiration date on Petitioner's sentence was January 16, 2007.

In October 2004, Petitioner's conviction was affirmed by the Appellate Division for the Second Department. Petitioner did not seek leave to appeal to the New York Court of Appeals; nor did Petitioner seek a writ of certiorari from the Supreme Court.

In August 2004, while Petitioner's appeal was still pending before the Appellate Division, Petitioner filed a motion before Judge Carter seeking to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10(1)(h) and § 440.10(4). In an order dated December 20, 2004, Judge Carter denied Petitioner's motion. Petitioner was denied leave to appeal to the Appellate Division.

On May 20, 2005, Petitioner filed the instant application for a writ of error coram nobis. Petitioner styled the application as filed pursuant to § 1651 (The All Writs Act) and §§ 2241 and 2255 (concerning petitions for habeas corpus).

Petitioner's Status

At some point between his conviction and the filing of the pending application, Petitioner was released from prison. While it was originally unclear[1] whether Petitioner remains on parole, Petitioner has submitted a certificate from New York State Parole Board indicating that he was discharged from parole on April 8, 2005 — prior to the filing of the instant Petition. (Pet.'s Letter dated July 12, 2005 at 3.)

DISCUSSION

As explained above, Petitioner has styled the instant application as filed under both the All Writs Act, and the statutes governing federal habeas corpus relief. Because of Petitioner's pro se status, the Court gives the Petition its most liberal reading and deems the application as filed as an

---

[1] Respondent initially stated that "Petitioner is currently on parole," (Forshaw Aff. ¶ 1), but retreated from that position in a letter dated June 29, 2005. Respondent indicated that its prior statement was based upon the presumption that "a state criminal defendant is typically on parole until the maximum expiration date of his sentence, which . . . is January 16, 2007 for petitioner." (Resp.'s Letter dated June 29, 2005 (emphasis added).) Respondent recognized that "there are certain programs that would allow a defendant to be discharged from parole at an earlier date, but . . . [it] do not know whether petitioner availed himself of any of those programs." (Id. n.1)
  Seemingly implausibly, Respondent maintained that it was unaware of whether Petitioner was on parole and suggested that we request from him information concerning his status. In response, Petitioner voluntarily submitted a letter, dated July 12, 2005, attaching a certificate of his final discharge from the New York State Parole Board.

alternative request for either coram nobis or habeas relief. The Court considers each application in turn.

I. Coram Nobis

A district court's authority to issue a writ of error coram nobis arises under the All Writs Act, 28 U.S.C. § 1651. See Fleming v. U.S., 146 F.3d 88, 89 (2d Cir. 1998) (per curiam). However, the application for coram nobis is only properly made to the court that rendered the challenged determination. See Cruz v. People of the State of New York, No. 03-CV-9815, 2004 WL 1516787 at *3 (S.D.N.Y. July 6, 2004); Graham v. Lamar, No. 97-CV-2386, 1998 WL 960297, at *1 (E.D.N.Y. Dec. 16, 1998); see also Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) ("Coram nobis arose as a device to extend the period . . . in which the judge who renders a decision could reexamine his handiwork."); Snyder v. City of Alexandria, 870 F. Supp. 672, 687 n. 38 (E.D. Va. 1994); cf. Black's Law Dictionary (defining the latin term as, "In our presence; before us"). Thus, a federal court may only invoke its coram nobis jurisdiction "to re-examine prior decisions rendered . . . by that federal court." Cruz, 2004 WL 1516787 at *3.

While the Second Circuit has yet to address the issue, five Circuit Courts of Appeals have relied on the foregoing principles and found that 28 U.S.C. § 1651 does not provide

federal district courts with jurisdiction to issue writs of coram nobis with respect to a state court criminal conviction. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("Four Courts of Appeals have held that coram nobis is not available in federal court as a means of attack on a state criminal judgment. We agree with those cases. [Petitioner] can seek coram nobis relief only in state court."); Lowery, 954 F.2d at 423 ("[Petioner's] counsel conceded that she had not found even one decision . . . using coram nobis to set aside a judgment rendered by another court. Section 1651(a) does not authorize us to depart from this understanding of the writ."); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964); Rivenbirgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962). These courts have recognized that such applications are only properly filed in state court, before the court that committed the purported error. This Court agrees.

Based on the foregoing, Petitioner's writ of coram nobis is DISMISSED due to this Court's lack of subject matter jurisdiction.

II. <u>Habeas Corpus</u>

A liberal reading of Petitioner's citation to §§ 2241 and 2255 allows the Court to construe the instant application as containing an alternative request for habeas corpus relief from Petitioner's state court conviction. <u>Cook v. New York State Division of Parole</u>, 321 F.3d 274, 277 (2d Cir. 2003) ("If an application that should be brought under 28 U.S.C. 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead.") But, as Respondent accurately points out, the Court may not convert the instant application into one for habeas corpus without Petitioner's consent. See <u>Cook</u>, 321 F.3d at 278 ("converting a <u>pro se</u> habeas petition could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim . . . . We [therefore] conclude that this case should be remanded . . . to afford . . . [an] opportunity [to withdraw Petitioner's petition]"). This issue was mooted when Petitioner filed a "Reply Affidavit," expressing his desire that the instant application, if possible, be converted into a habeas application. (Pet.'s Reply ¶ 2.)

There is, however, an apparent problem with converting Petitioner's application into a petition for habeas corpus. Petitioner was no longer on parole when the instant Petition was

6

filed.  This is fatal to any claim Petitioner may have for habeas relief.

A writ of habeas corpus may only be issued where a petitioner is "in custody" at the time the petition is filed. See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).  While the "in custody" requirement has been construed liberally to permit a parolee's post-release challenge to his conviction, see <u>Jones v. Cunningham</u>, 371 U.S. 236, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963) (finding petitioner released on condition of parole was, for habeas purposes, "in custody" under his unexpired sentence), it "remains an essential aspect of the habeas corpus writ."  <u>Billiteri v. U.S. Bd. of Parole</u>, 541 F.2d 938, 948 (2d Cir. 1976).

A certificate from the New York State Parole Board indicates Petitioner's "final discharge from further jurisdiction of the Board of Parole" effective April 8, 2005.  Because the effective date of Petitioner's discharge from parole pre-dates his filing of the instant Petition, the habeas petition must be dismissed for failure to satisfy the "in custody" requirement.

## CONCLUSION

For the reasons explained above, Petitioner's application for a writ of error <u>coram</u> <u>nobis</u> is DENIED due to this Court's lack of subject matter jurisdiction.  Petitioner's

alternative request for habeas relief from his state court conviction is DENIED because Petitioner is no longer in the custody of the state.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
August 18, 2005